IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SHEILA WEBB,                         §
                                     §
        *Pro Se* Plaintiff,          §
                                     §
VS.                                  §    CIVIL ACTION H-10-CV-1984
                                     §
RANDALL'S FLAGSHIP,                  §
                                     §
              Defendant.             §

<u>**OPINION AND ORDER**</u>

Pending before the Court in the above referenced cause alleging employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, is Defendant Randall's Flagship's[1] motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)(instrument #7). Despite numerous orders granting *pro se* Plaintiff Sheila Webb, proceeding *in forma pauperis,* extra time and opportunities to obtain counsel and respond to the motion, Plaintiff has not filed a response.

This action was filed by Plaintiff on June 1, 2010. At a scheduling conference held on October 6, 2010, United States Magistrate Judge Frances Stacy gave Plaintiff until November 8, 2010 to obtain counsel and for counsel to make an appearance. She

---

[1] In its motion, Defendant explains that Plaintiff has incorrectly named it in this lawsuit because "Randall's Flagship is a trade name and not a legal entity. The correct name is Randalls Food and Drugs, LP.

reset the initial conference for January 12, 2011.   On November 18, 2011, Plaintiff filed a letter (#5) stating that she had been unable to find a lawyer and did not understand how to serve Defendant.   In an order entered on November 22, 2010 (#6), Judge Stacy instructed Plaintiff how to arrange for the United States Marshal's Service to effect service for her.   On December 12, 2010 Plaintiff filed another letter restating her inability to find a lawyer because of financial problems.

After being served,[2] Defendant filed its motion to dismiss (#7) on December 8, 2010.   At the re-scheduled initial conference on January 12, 2011, Judge Stacy *sua sponte* gave Plaintiff until January 31, 2011 to file a response to the motion and entered a scheduling order (#10).   On January 31, 2011, Plaintiff filed an opposed motion for continuance (#11), stating that she was still trying to find a lawyer.[3]   Defendant objected that Plaintiff had

---

[2] Defendant was served by the United States Marshal's Service on November 22, 2010, although the return of service (#13) was not filed until February 10, 2011.

[3] Plaintiff does not appear to have asked for appointed counsel, but even if she had, such an appointment would not be warranted here.   Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."   Nevertheless, there is no automatic right to appointment of counsel in a civil case, and the court has considerable discretion in determining whether to do so.   *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir, 1986); *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990).   An indigent civil litigant does not have an automatic right to appointed counsel absent "exceptional circumstances."   *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir, 1994).   A court may appoint

already had fifty-four days to respond to the motion to dismiss and over eight months since filing her suit to obtain counsel (#12). On April 7, 2011 Plaintiff filed another letter, apologizing for her delay and asking for more time.  On May 10, 2011 this Court denied Plaintiff's motion for continuance (#11), ordered her to file a response "no later than May 2, 2011," and admonished her that "[f]ailure to comply may result in dismissal of this action" (#15).  Plaintiff has filed nothing since.  Accordingly the Court reviews Defendant's motion to dismiss.

### Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to

---

counsel in a civil case if doing so would advance the proper administration of justice. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).  The court may consider the following factors in deciding whether exceptional circumstances justifying such an appointment are present and whether appointed counsel would facilitate the administration of justice: (1) the complexity of the suit; (2) the ability of the indigent litigant to present the case; (3) the litigant's ability to investigate the case; and (4) the skill required to litigate the case before the court. *Ulmer v. Chancellor*, 691 F.2d at 212-13.
      As the Fifth Circuit recently stated, "[E]very litigant benefits by having an attorney.  However the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, he will have particular difficulty in investigating and presenting his case such that his situation justifies the special benefit of having counsel appointed to represent him."  *Margin v. Social Security Administration*, Civ. A. No. 08-4605, 2009 WL 3673025, *2 (5th Cir. Oct. 28, 2009).  Plaintiff has made no such showing here. The Court finds no exceptional circumstances in the instant case to warrant appointment of counsel.

relief." When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts

-4-

to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. at 1940. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949.

The district court is to construe liberally the briefs of *pro se* litigants and apply less stringent standards to them than to parties represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(reciting the long-established rule that documents filed pro se are to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). In *Erickson*, in which a *pro se* plaintiff attempted to state a claim under 42 U.S.C. § 1983, the Supreme Court ruled that under a liberal construction of his complaint, he was not required to state specific facts. *Erickson*, 551 U.S. at 93 ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'").

Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond is a representation of nonopposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir. 2008), *citing Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and *Johnson v. Louisiana*, 757 F.2d 698, 708-09 (5th Cir. 1985).

-6-

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [citations omitted]").

Federal Rule of Civil Procedure 15(a) provides in relevant part,

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

A court has discretion in deciding whether to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 181 (1962).  Since the language of the rule "'evinces a bias in favor of granting leave to amend," the

-7-

court must find a "substantial reason" to deny such a request. *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, Civ. A. No. H-05-4389, 2006 WL 2521411, *3 (S.D. Tex. Aug. 29, 2006), *quoting Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), and *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Factors for the court to consider in determining whether a substantial reason to deny a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

### Defendant's Motion to Dismiss (#7)

Defendant points out that the complaint is on a preprinted form available in the Clerk's Office for employment discrimination claims under Title VII. It maintains that the complaint is "devoid of any factual content" and fails to state a plausible claim. On page 2 Plaintiff has checked off a box alleging failure to promote and written that she was only given a 4-6 hour work week, while others hired after her were given more hours. Defendant argues

that this complaint fails to state a claim for which relief was granted because even if this allegation were true, Title VII does not allow a cause of action for discrimination based on seniority status. She further complains that the Deli manager hollered and cursed at her. Allegations of rude or boorish behavior by a supervisor do not necessarily establish a claim under Title VII unless it is severe or pervasive enough to create a hostile work environment. *Septimus v. U. of Houston*, 399 F.3d 601, 612 (5th Cir. 2005).

### Court's Decision

Plaintiff has clearly failed to state a plausible claim for employment discrimination under Title VII under Rules 8 and 12(b)(6). She essentially complains that the Deli manager at the Randall's where she worked as a Deli clerk, Dave Hayward, "had a bad attitude," hollered and cursed at her, and did not assign her as many hours as others who came after her. The Court notes that Plaintiff has indicated that her discrimination claim is based on "color," but she fails to identify what her own color or that of the manager is, and only states that one woman who received more hours was white. She alleges no facts demonstrating that Hayward's decision was racially discriminatory.

The Court will grant Plaintiff leave to amend, but would point out that the record already suggests undue delay and repeated

failure to comply with court orders on her part.  Accordingly, the Court

    ORDERS that Defendant's motion to dismiss (#7) is currently DENIED.  Plaintiff shall, within twenty days of receipt of this order, file an amended complaint with sufficient facts to state a plausible claim for racial discrimination to satisfy Rule 12(b)(6). Failure to comply will result in dismissal of this suit.  If Plaintiff files an amended complaint, Defendant shall file a timely reply.

    **SIGNED** at Houston, Texas, this $\underline{27^{th}}$ day of $\underline{\text{June}}$, 2011.

                            MELINDA HARMON
                 UNITED STATES DISTRICT JUDGE