IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHEILA WEBB, § | |
| § | |
| *Pro Se* Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION H-10-CV-1984 |
| § | |
| RANDALL'S FLAGSHIP, § | |
| § | |
| Defendant. § | |

## ORDER OF DISMISSAL

Plaintiff Sheila Webb, proceeding *pro se* and *in forma pauperis*, on June 1, 2010 filed the above referenced cause alleging employment discrimination based on race under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2.

At a scheduling conference held on October 6, 2010, United States Magistrate Judge Frances Stacy gave Plaintiff until November 8, 2010 to obtain counsel and for counsel to make an appearance and to effect service on Defendant Randall's Flagship. She reset the initial conference for January 12, 2011. On November 18, 2010, Plaintiff filed a letter (#5) stating that she had been unable to find a lawyer and did not understand how to serve Defendant. In an order entered on November 22, 2010 (#6), Judge Stacy instructed Plaintiff how to arrange for the United States Marshal's Service to effect service for her. On December 12, 2010 Plaintiff filed

another letter restating her inability to find a lawyer because of financial problems.

After being served,[1] on December 8, 2010 Defendant Randall's Flagship[2] filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)(instrument #7). At the re-scheduled initial conference on January 12, 2011, Judge Stacy *sua sponte* again granted Plaintiff an extension until January 31, 2011 to file a response to the motion and entered a scheduling order (#10). On January 31, 2011, Plaintiff filed an opposed motion for continuance (#11), stating that she was still trying to find a lawyer.[3]

---

[1] Defendant was served by the United States Marshal's Service on November 22, 2010, although the return of service (#13) was not filed until February 10, 2011.

[2] In its motion, Defendant explains that Plaintiff has incorrectly named it in this lawsuit because "Randall's Flagship" is a trade name and not a legal entity. The correct name is Randalls Food and Drugs, LP.

[3] Plaintiff does not appear to have asked for appointed counsel, but even if she had, such an appointment would not be warranted here. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Nevertheless, there is no automatic right to appointment of counsel in a civil case, and the court has considerable discretion in determining whether to do so. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir, 1986); *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). An indigent civil litigant does not have an automatic right to appointed counsel absent "exceptional circumstances." *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir, 1994). A court may appoint counsel in a civil case if doing so would advance the proper administration of justice. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). The court may consider the following factors in deciding whether exceptional circumstances justifying such an appointment are present and whether appointed counsel would

Defendant objected that Plaintiff had already had fifty-four days to respond to the motion to dismiss and over eight months since filing her suit to obtain counsel (#12).  On April 7, 2011 Plaintiff filed another letter, apologizing for her delay and asking for more time.  On May 10, 2011 this Court denied Plaintiff's motion for continuance (#11), ordered her to file a response to the motion to dismiss "no later than May 2, 2011," and admonished her that "[f]ailure to comply may result in dismissal of this action" (#15).  Plaintiff failed to file a response.

The Court then went on to consider the motion in detail and, in an opinion and order dated June 27, 2011 (,#16) concluded that the complaint failed to state a claim under the Federal Rule of Civil Procedure 12(b)(6) and relevant case law.  Although noting that the record already suggested undue delay and repeated failure to comply with court orders by Plaintiff, the Court denied Defendant's motion to dismiss and ordered Plaintiff to file within

---

facilitate the administration of justice:  (1) the complexity of the suit; (2) the ability of the indigent litigant to present the case; (3) the litigant's ability to investigate the case; and (4) the skill required to litigate the case before the court. *Ulmer v. Chancellor*, 691 F.2d at 212-13.
    As the Fifth Circuit recently stated, "[E]very litigant benefits by having an attorney.  However the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, he will have particular difficulty in investigating and presenting his case such that his situation justifies the special benefit of having counsel appointed to represent him." *Margin v. Social Security Administration*, Civ. A. No. 08-4605, 2009 WL 3673025, *2 (5th Cir. Oct. 28, 2009).  Plaintiff has made no such showing here.  The Court finds no exceptional circumstances in the instant case to warrant appointment of counsel.

twenty days an amended complaint with sufficient facts to state a plausible claim for racial discrimination to satisfy Rule 12(b)(6). The Court expressly admonished her that failure to comply would result in dismissal of this suit. Plaintiff has failed to file an amended pleading.

Accordingly the Court

ORDERS that this lawsuit is DISMISSED without prejudice for failure to prosecute and failure to comply with Court orders.

**SIGNED** at Houston, Texas, this  21st  day of  July , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE